UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSILIO LANGELLA,

                              Plaintiff,                    COMPLAINT

        -against-                                          18 CV

MAHOPAC CENTRAL SCHOOL DISTRICT;          JURY TRIAL DEMANDED
ANTHONY DICARLO, SUPERINTENDENT
OF SCHOOLS; DENNIS CREEDON, FORMER
SUPERINTENDENT OF SCHOOLS; JOHN
AUGUSTA, ATHLETIC DIRECTOR/FORMER
INTERIM PRINCIPAL; RON KLAMSER
FORMER HUMAN RESOURCES
DIRECTOR/ASSISTANT SUPERINTENDENT;
MICHAEL SCLAFANI, FORMER BOARD
PRESIDENT; BRIAN MAHONEY, FORMER
BOARD VICE PRESIDENT,

                              Defendants.

Plaintiff **MARSILIO LANGELLA**, by and through his attorneys GLASS &
HOGROGIAN LLP, as and for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff tenured chemistry teacher Marsilio Langella brings this action against his
employer Mahopac Central School District and various individual defendants, pursuant to the
federal Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act
(ADA), and the Rehabilitation Act of 1973, for hostile work environment, discrimination and
retaliation at his workplace, as well as for various state law claims.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action
involves claims for hostile work environment, discrimination and retaliation based on disability

discrimination under the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, and age discrimination under the Age Discrimination in Employment Act (ADEA). This court has pendent jurisdiction over the state law claims asserted herein

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

4.      Plaintiff Marsilio Langella is a resident of the County of Putnam and State of New York.

5.      Defendant Mahopac Central School District is a public school district within the State of New York, County of Putnam, and is charged with educating the students of Mahopac.

6.      Defendant Anthony DiCarlo is the Superintendent of Schools of the Mahopac Central School District, and as such is its chief executive officer.

7.      Defendant Dennis Creedon served as Superintendent of Schools of the Mahopac Central School District until February 26, 2018, and as such, served as chief executive officer until that time.

8.      Defendant John Augusta is the former Athletic Director of the Mahopac Central School District and also served as an Interim Principal of Mahopac High School.  He is sued in his official and individual capacity.

9.      Defendant Ronald Klamser is the former Superintendent/Human Resources Director of the Mahopac Central School District.  He is sued in his official and individual capacity.

10.     Defendant Michael Sclafani is the former Board President of the Mahopac Central School District.  He is sued in his official and individual capacity.

2

11.     Defendant Brian Mahoney is the former Board Vice President of the Mahopac Central School District.  He is sued in his official and individual capacity.

## PROCEDURAL HISTORY AND NOTICE OF CLAIM

12.     On or about February 15, 2018, Plaintiff filed a Verified Notice of Claim with the Defendant Board of Education. On or about April 6, 2018, a General Municipal Law 50-h hearing was conducted.  Defendants to date have failed to adjust or pay Plaintiff's claim.

13.     On or about February 5, 2018, Plaintiff filed an administrative charge of discrimination with the New York State Division of Human Rights which was cross-filed with the EEOC.

14.     On or about August 19, 2018, Plaintiff received a Right to Sue Letter from the EEOC (attached as Exhibit A).

## STATEMENT OF FACTS

15.     Plaintiff is presently 52 years old.  His date of birth is June 3, 1966.

16.     Plaintiff has suffered from a hearing impairment (deafness in his right ear) and tinnitus since approximately 1994.  Plaintiff also has a history of hypertension and heart disease. The Defendant District administrators are on notice of Plaintiff's disability because he was on medical leave for heart surgery in 2011 and were aware of his hearing impairment since at least 2005.

17.     Plaintiff has been teaching as a high school chemistry teacher at Mahopac High School for the Mahopac Central School District since 2000, and has received many accolades as a high school chemistry teacher.  Plaintiff is presently teaching high school chemistry, yet he is presently subject to a Teacher Improvement Plan where he is required to meet the current school principal every two weeks.

18.     Plaintiff was a varsity assistant football and/or assistant head coach at Mahopac Central School District from 2001 until 2014, and the head varsity football coach in the fall of 2016.

3

Plaintiff's football coaching assignments were in addition to his regular employment as a teacher and he received additional compensation for these assignments.

**2015-16 School Year**

19.     In January 2016, Plaintiff applied for the head varsity football coach position at Mahopac High School.

20.     After Plaintiff applied for the position, he was invited to two interviews with the District. During his first interview in early January 2016, Plaintiff learned that the District was soliciting applications for the football coaching position outside the District. Notably, Plaintiff was the only in district employee applicant who applied for the position in the District and had contractual rights to the position under the teachers' collective bargaining agreement as an active employee with the District.

21.     During Plaintiff's second interview for varsity football coach held on January 28, 2016, then District Superintendent Dennis Creedon asked Plaintiff if he was close to retirement.  Former High School Athletic Director John Augusta also was present during the meeting.

22.     On February 22, 2016, Athletic Director Augusta told Plaintiff that he was "loud" during his second interview and that several board members wanted to have a private meeting with him. Plaintiff advised Augusta that he suffered from a hearing impairment disability at that time and that is why he speaks at a higher volume.

23.     On March 8, 2016, Plaintiff attended a meeting at Mahopac Central School District office with Creedon, then Board President Michael Sclafani, and then Board Vice-President Brian Mahoney.

24.     At this meeting, Board President Sclafani asked Plaintiff if he was close to retiring and stated that Plaintiff was part of the "old guard", and that is why he was soliciting football coach

4

applicants who were employed outside the District.  Board Vice-President Mahoney expressed his concern with Plaintiff's loud voice and stated that the Mahopac community would find it hard to listen to.  Additionally, Mahoney expressed his concern with Plaintiff's ability to be a public speaker because of his loud voice.

25.     By considering teachers employed outside the District for the football coach position, Defendants flagrantly violated the collective bargaining agreement between Defendant Board and the union Teachers Association. On or about March 2, 2016, the union filed a grievance which was successfully resolved on March 23, 2016, when Plaintiff was appointed as varsity football coach.

26.     After Plaintiff accepted the varsity football coach position at the high school, Defendants then began a discriminatory and retaliatory campaign against him.

27.     This campaign began when in April 2016, Athletic Director Augusta told Plaintiff that his football team could not weight train on school grounds and they must be bussed to a local gym in order to weight train.  Plaintiff had to organize transportation for the team daily to an off-site gym.

28.     On June 24, 2016, Athletic Director Augusta further falsely claimed that Plaintiff broke locks on lockers in the Varsity Athletic locker room.

### 2016-17 School Year

29.     On October 19, 2016, Athletic Director and then Interim Principal Augusta called Plaintiff into his office and accused Plaintiff of using foul language on the football practice field, and placed a letter of counseling in Plaintiff's personnel file on or about that date.

30.     On November 1, 2016, Interim Principal Augusta called Plaintiff into his office and accused Plaintiff of making threatening statements at a pregame speech before a football game.  In stark contrast, Plaintiff was commended by the Acting Athletic Director Ron Montalvo on November 24, 2016, writing him a positive performance appraisal for his football coaching duties.

5

31.     In January 2017, Plaintiff heard rumors among other section football coaches that he would be replaced, and on April 5, 2017, the Board placed another physical education position into the budget.

32.     Two days later on April 7, 2017, former Assistant Superintendent Ron Clamser called Plaintiff into his office and informed him that he would be receiving a second letter of counseling in his file regarding cutting the locks, threatening statements, use of foul language, and announcing his assistant coaches before Board approval.  Clamser also informed Plaintiff that he would not be reappointed as a head varsity football coach in Mahopac based on these claims.  Plaintiff received this second letter of counseling on the last day of school, June 23, 2017.

33.     On April 24, 2017, Plaintiff officially applied for the Mahopac head varsity football coach for the Fall 2017 season.  However, he was never granted an interview for the position, nor did the Board District ever acknowledge his application.

34.     On or about June 23, 2017, the last day of school, Assistant Superintendent Clamser gave Plaintiff the second letter of counseling based on an alleged incident on November 1, 2016 and discussed in the April 7, 2017 meeting.   Plaintiff's union threatened to file a grievance about the lock issue in the letter. After the threatened grievance, Clamser revised and edited and remailed the second counseling letter now dated July 20, 2017, which removed the false claims about cutting locks.

**2017-18 School Year**

35.     Effective on or about June 26, 2017, Dominick DiMatteo was hired to replace Plaintiff as varsity football coach.  He was hired in June 2017 and was given the physical education position by the District created in April 2017.

36.     Mr. DiMatteo is younger than Plaintiff and Mr. DiMatteo does not suffer from a disability or handicap.

37.     On October 27, 2017, Plaintiff's personal residence was egged and vandalized by four students from the District.  Three of these students were members of the 2016 and 2017 football program.

38.     On November 7, 2017, the District suspended the four students from school after a Carmel police investigation headed by Detective Mike Nagle had identified several students as being responsible for the vandalism of Plaintiff's house.  On that same day, one of the vandal students filed a specious Dignity for All Students Act (DASA) claim against Plaintiff alleging that he was verbally abused during the 2016 season by the coaching staff, including Plaintiff.  This was despite this student not even being able to participate in the 2016 season because of a preseason injury and was rarely at practice.  The District did not notify Plaintiff of the student's DASA claim against him for over 90 days after it was filed, which was a direct violation of school policy.

39.     On December 5, 2017, the District filed a second DASA claim against Plaintiff based on a student complaint that Plaintiff called a student "Irish eyes".   The District high school principal Matt Lawrence sent him home and suspended him from his teaching duties with pay from December 5, 2017 until December 12, 2017, based on this allegation.

40.     The District decided to return Plaintiff to his teaching duties on December 13, 2017, but Principal Lawrence told him in the presence of his union representative that then District Superintendent Creedon had directed that he would need a teaching assistant at all times in his classroom.

41.     On the advice of his physician, Plaintiff was then forced to take a medical leave of absence due to the stress caused by these false DASA allegations against him.

42.     On January 2, 2018, Plaintiff returned as a teacher to the District after the medical leave. Superintendent Creedon immediately directed Plaintiff to complete DASA training, which he completed.

43.     On January 12, 2018, Plaintiff was suspended with pay and reassigned again to his home by Superintendent Creedon based on a third DASA complaint against him, based on a false allegation that Plaintiff punched a football player's testicle when Plaintiff had been the football coach in September 2016.  The allegation was made by one of the same football players who had vandalized Plaintiff's house and had been caught doing it.

44.     Plaintiff was in limbo without any set date to return to his teaching duties for several months. Plaintiff filed a Notice of Claim with the District on or about February 15, 2018 which caused the District to conduct a General Municipal Law 50-h hearing on April 9, 2018.

45.     On April 6, 2018, at a meeting attended by Plaintiff and Principal Matt Lawrence, Human Resources director Debra Legato, Grievance Union Representative Adam Dusenberry, and union Chief Grievance Officer Dave Gordon, Plaintiff was told that he was to be given the findings from the 90 day investigation of DASA claims.  No findings were provided.  HR Director Legato handed Plaintiff an undated Teacher Corrective Action Plan which was placed in Plaintiff's personnel file. Plaintiff was told to return to work at the High School the following work day.

46.      New Superintendent DiCarlo (who replaced Creedon on or about early March 2018)  then told Plaintiff something completely different and directed Plaintiff *not* to return to his original assignment, but instead to write curriculum in a District office for the remainder of the school year.

47.     On April 23, 2018, Plaintiff was handed a draft Letter of Reprimand by his Union representative Mike Perna, signed by Superintendent DiCarlo regarding the DASA allegations,

which Plaintiff refused to sign.  Eventually, the draft Letter of Reprimand was withdrawn by the District and never placed in his personnel file.

48.     On or about May 31, 2018, Superintendent DiCarlo advised Plaintiff that he would be returning to his full time teaching duties as a high school chemistry teacher in September 2018.

49.     Plaintiff's summer professional development school teacher training stipend for the summer of 2018 was not granted by the District as it had been granted in previous years, causing Plaintiff salary loss, and he lost per session work opportunities during his periods of reassignment. Plaintiff also lost sick days during his stress-induced medical leave in December 2017.

50.     Plaintiff has had to seek medical and psychological treatment based on Defendants' discriminatory and retaliatory actions against him, which caused him out of pocket expenses for, *inter alia,* therapists, medication, and visits to other medical providers.

### FIRST CAUSE OF ACTION

**(Discrimination, Retaliation, and Hostile Work Environment Claims for Violation of the ADEA against Defendant School District– Age Discrimination)**

51.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

52.     Defendant School District, through the aforementioned conduct of its agents and employees, including but not limited to making age related comments and not reappointing Plaintiff as varsity football coach effective September 1, 2017, violated the ADEA, by discriminating against Plaintiff based on his age, and retaliating against Plaintiff after he filed a protected age discrimination complaint in February 2018 with the SDHR and the EEOC.  Plaintiff also was subjected to an unlawful hostile work environment because of his age.

9

## SECOND CAUSE OF ACTION

**(Claims for Violation of the ADA against Defendant School District – Disability Discrimination)**

53.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

54.     Defendant School District, through the aforementioned conduct of its employees and agents, including, but not limited to, making comments about his voice and not reappointing Plaintiff as varsity football coach effective September 1, 2017, have violated the ADA by discriminating against Plaintiff based on his disability relating to hearing loss, and retaliating against Plaintiff after he filed a protected disability discrimination complaint with the SDHR and the EEOC in February 2018.  Plaintiff was also subject to an unlawful hostile work environment because of his disability,

## THIRD CAUSE OF ACTION

**(Claims for Violation of the Rehabilitation Act of 1973 for Discrimination on Account of Plaintiff's handicap and disability against Defendant School District)**

55.     Defendant School District, through the aforementioned conduct of its employees and agents, have violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794(a) by discriminating against Plaintiff including but not limited to not reappointing Plaintiff as varsity football coach effective September 1, 2017, based on his disability relating to hearing loss, making comments about his voice and retaliating against Plaintiff. Plaintiff was also subjected to an unlawful  hostile work environment because of his disability and handicap.

## FOURTH CAUSE OF ACTION

**(Claims for Violation of New York State Human Rights Law based on Disability Discrimination and Retaliation against All Defendants)**

56.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

57.     Defendants, through the aforementioned conduct, have violated the SDHR, by discriminating and retaliating against Plaintiff, including but not limited to, making age related comments and not reappointing Plaintiff as varsity football coach effective September 1, 2017, based on age as set forth above. Plaintiff was also subjected to an unlawful hostile work environment because of his age.

## FIFTH CAUSE OF ACTION

**(Claims for Violation of New York State Human Rights Law based on Age Discrimination and Retaliation against All Defendants)**

58.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

59.     Defendants, through the aforementioned conduct, have violated the New York State Human Rights Law, by discriminating and retaliating against Plaintiff, including but not limited to not, making comments about his voice and not reappointing Plaintiff as varsity football coach effective September 1, 2017, based on disability as set forth above. Plaintiff was also subjected to an unlawful hostile work environment because of his disability.

11

## SIXTH CAUSE OF ACTION

### (Claims for Defamation against All Defendants)

60.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

61.    Defendants have defamed Plaintiff with false and defamatory allegations as set forth above, including, but not limited to, falsely accusing him of abusing students as a football coach and teacher on or about December 5, 2017 and on January 12,  2018,   Specifically, on December 5, 2017, the District filed a DASA claim against Plaintiff based on a student complaint that Plaintiff called a student "Irish eyes" and on January 12, 2018, Plaintiff was suspended with pay again by the Board based on another DASA complaint, based on an outrageous allegation that Plaintiff "punched a football player's testicle" when Plaintiff had been the football coach in September 2016.

## SEVENTH  CAUSE OF ACTION

### (Claims for Tortious Interference with Contract against All Defendants)

62.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

63.    Defendants have tortiously interfered with Plaintiff's contract both as a teacher and football coach as set forth above.

### JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

12

A.   A declaratory judgment that Defendant District is in violation of federal Age Discrimination in Employment Act (ADEA);

B.   A declaratory judgment that Defendant District is in violation of the Americans with Disabilities Act (ADA);

C.   A declaratory judgment that Defendant District is in violation of the Rehabilitation Act of 1973;

D.   A declaratory judgment that Defendants are in violation of New York State Human Rights Law;

E.   A declaratory judgment that Defendants are liable for defamation against Plaintiff;

F.   A declaratory judgment that Defendants are liable for tortious interference with contract against Plaintiff;

G.   Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to the ADEA, ADA, Rehabilitation Act and the New York State Human Rights Law, and the state law causes of action above;

H.   Awarding Plaintiff costs and reasonable attorneys' fees; and

I.   Such other and further relief as to this Court may deem necessary, just and proper.

Dated:      New York, New York
            October 29, 2018

**GLASS & HOGROGIAN LLP**
Attorneys for Plaintiff Langella
85 Broad Street, 18th Floor
New York, NY 10004
(212) 537-6859

By: /s/ Bryan D. Glass
        Bryan D. Glass, Esq.

13